**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL JOSEPH KEARNS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-07-CV-1047 FB (NSN)** |
| **GONZALES COUNTY,** | § | |
| **GONZALES COUNTY HOSPITAL** | § | |
| **DISTRICT, and** | § | |
| **NIXON-SMILEY CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   Honorable Fred Biery
       United States District Judge**

This memorandum recommends dismissal of this case.  I have jurisdiction to enter this

memorandum and recommendation pursuant to the district court's order referring the case to me.[1]

On December 28, 2007, the district court referred to me plaintiff Michael Kearns's motion to

proceed in forma pauperis.[2]  I denied the motion and directed Kearns to pay the filing fee on or

before 30 days from the date of my order.[3]  Because my order was dated January 9, 2008, the

deadline for paying the filing fee was February 8, 2008.  Kearns appealed the denial of his

---

[1]Docket entry # 4.

[2]Docket entry # 1.

[3]Docket entry # 3.

motion to the district court.[4]  The district court affirmed my order and ordered Kearns to pay the filing fee within the time set forth in my order[5]—that is, by February 8, 2008.  The district court warned Kearns that if he did not pay the filing fee by that date that this case would be dismissed for failure to prosecute and/or failure to comply with a court order.[6]  The deadline for paying the filing fee has passed, but Kearns has not paid the fee.  Because the district court has already warned Kearns about the consequences of not paying the filing fee and because Kearns has not complied with the district court's order, it is appropriate to dismiss this case under Federal Rule of Civil Procedure 41(b)[7] for failure to prosecute and/or failure to comply with the district court's order.[8]

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the clerk of court, or (2) by mailing a copy to those

---

[4] Docket entry # 5.

[5] Docket entry # 6.

[6] *See id.*

[7] Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

[8] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Matter of United Markets Int'l*, 24 F.3d 650, 654 (5th Cir. 1994) (stating that a district court has the inherent power to dismiss a case as a sanction for failing to obey a court order); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.  1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[9]  **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.**

A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[10]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[11]

      **SIGNED** on February 21, 2008.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[9] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[10] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[11] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).